Lina Stillman, Esq.
STILLMAN LEGAL, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel.: (212) 832-1000
www.stillmanlegalpc.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSUE RUGAMA and KAROLAY MEZA GONZALEZ,**<br><br>Plaintiffs,<br><br>v.<br><br>**PHO TODAY EAST RUTHERFORD LLC, PHO TODAY FORT LEE LLC, JOHN NGUYEN, and KHOA NGUYEN,**<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Josue Rugama and Karolay Meza Gonzalez (together, "Plaintiffs"), by and through their attorneys, Stillman Legal, P.C., for their Complaint against Defendants Pho Today East Rutherford LLC, Pho Today Fort Lee LLC, John Nguyen, and Khoa Nguyen (collectively, "Defendants"), allege as follows upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

1. **Statement pursuant to L. Civ. R. 10.1(a).** The address of Plaintiff Josue Rugama is 80 Boiling Springs Avenue, Apartment 2, East Rutherford, New Jersey 07073. The address of

Plaintiff Karolay Meza Gonzalez is 32 Grant Street, Englewood, New Jersey 07631. The address of the principal place of business of Defendant Pho Today East Rutherford LLC is 75 State Route 17, East Rutherford, New Jersey 07073. The address of the principal place of business of Defendant Pho Today Fort Lee LLC is 2151 Lemoine Avenue, Suite 5, Fort Lee, New Jersey 07024. The business address of Defendant John Nguyen is 75 State Route 17, East Rutherford, New Jersey 07073. The business address of Defendant Khoa Nguyen is 75 State Route 17, East Rutherford, New Jersey 07073.

## I. NATURE OF THE ACTION

2. This is an action for unpaid overtime compensation and unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.* (the "NJWHL").

3. Defendants own and operate Vietnamese restaurants doing business as "Pho Today" at 75 State Route 17, East Rutherford, New Jersey, and at 2151 Lemoine Avenue, Suite 5, Fort Lee, New Jersey. Plaintiffs worked in the kitchens of those restaurants as line cooks.

4. Plaintiff Josue Rugama worked at the East Rutherford restaurant from on or about October 10, 2022 until on or about October 23, 2026. Plaintiff Karolay Meza Gonzalez worked from in or about March 2023 until on or about May 24, 2026 — four days of each week at the East Rutherford restaurant and the fifth day at the Fort Lee restaurant, on the same shift and for the same pay.

5. Defendants paid each Plaintiff a flat sum for each day worked, without regard to the number of hours worked that day. Defendants never paid either Plaintiff an hourly rate. Defendants

never paid either Plaintiff any overtime premium. Defendants never maintained any system for recording the hours either Plaintiff actually worked.

6. The practice was identical in every material respect for both Plaintiffs. Each was a line cook. Each was required to be in the kitchen before the restaurant opened to the public at 11:00 a.m., and each worked until closing. Each began at a day rate of approximately $120 and received periodic increases in that day rate. Each was paid partly in cash and partly by check. Neither received regular tips. Neither was ever asked to punch in or out. And neither was ever paid one and one-half times a regular hourly wage for any of the many hours each worked beyond forty in a week.

7. Mr. Rugama worked six days a week, generally from approximately 10:30 a.m. until approximately 10:00 p.m. — roughly sixty-nine hours a week. Ms. Meza Gonzalez worked five days a week, Saturday through Wednesday, reporting to the kitchen at approximately 10:00 or 10:30 a.m. and leaving at approximately 9:30 or 10:00 p.m. — roughly sixty hours a week.

8. The day rates Defendants paid produced an effective hourly rate below the New Jersey minimum wage in every year of each Plaintiff's employment, and produced no overtime premium at all for the fifteen to twenty-nine hours each Plaintiff worked every week beyond forty.

9. Defendants' payroll records do not reflect the work performed. Defendants issued Mr. Rugama a payroll check of $400.00 gross every two weeks and reported only that check to the taxing authorities; the accompanying earnings statements recorded 25.00 hours for each two-week pay period. His 2025 Form W-2 from Pho Today East Rutherford LLC reports

total wages of $10,450.00 — exactly twenty-six biweekly checks of $400.00 — for a year in which he worked approximately sixty-six hours every week. Defendants paid the remainder of his compensation in cash, off the books, and paid a substantial portion of Ms. Meza Gonzalez's compensation in cash as well.

10. When Mr. Rugama complained that he was not receiving overtime pay, Defendants' management told him that employees were paid by the day, that he was expected to work the schedule he was given, and that if he did not like the arrangement he was free to leave.

11. Plaintiffs bring this action on their own behalf. They seek their unpaid overtime compensation and unpaid minimum wages, liquidated damages, prejudgment and post-judgment interest, and their reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because those claims arise under the laws of the United States.

13. This Court has supplemental jurisdiction over Plaintiffs' New Jersey state-law claims under 28 U.S.C. § 1367(a). Those claims arise from the same nucleus of operative fact as the federal claims — Defendants' failure to pay Plaintiffs lawfully for the hours they worked — and form part of the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). The corporate Defendants are New Jersey limited liability companies that reside in this District; upon

information and belief, the individual Defendants reside in this District; and substantially all of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

15. Plaintiffs are properly joined under Rule 20(a)(1) of the Federal Rules of Civil Procedure. Their claims arise out of the same series of transactions and occurrences — Defendants' common practice of paying kitchen employees a flat day rate, without an overtime premium and without recording hours, at the same restaurants under the same management — and present questions of law and fact common to both.

## III. PARTIES

### A. Plaintiffs

16. Plaintiff Josue Rugama is an adult individual who resides in East Rutherford, Bergen County, New Jersey.

17. Plaintiff Karolay Meza Gonzalez is an adult individual who resides in Englewood, Bergen County, New Jersey.

18. At all relevant times each Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and the NJWHL, N.J.S.A. § 34:11-56a1(h). Each performed manual, non-exempt kitchen work and was not employed in a bona fide executive, administrative, or professional capacity. Neither was exempt from the overtime or minimum wage requirements of either statute.

### B. Corporate Defendants

19. Defendant Pho Today East Rutherford LLC ("Pho Today East Rutherford") is a New Jersey limited liability company, New Jersey entity identification number 0450291753, formed on July 27, 2018, with a city of record of East Rutherford, New Jersey. It owns and operates

the restaurant doing business as "Pho Today" at 75 State Route 17, East Rutherford, New Jersey 07073.

20. Defendant Pho Today Fort Lee LLC ("Pho Today Fort Lee") is a New Jersey limited liability company, New Jersey entity identification number 0450271692, formed on May 18, 2018. It owns and operates the restaurant doing business as "Pho Today" at 2151 Lemoine Avenue, Suite 5, Fort Lee, New Jersey 07024, where Plaintiff Meza Gonzalez worked one day of each week.

21. Pho Today East Rutherford is the employer named on the payroll earnings statements Defendants furnished to Mr. Rugama and on the 2025 Form W-2 Defendants issued to him.

22. At all relevant times each corporate Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NJWHL, N.J.S.A. § 34:11-56a1(g).

**C. Individual Defendants**

23. Defendant John Nguyen is, upon information and belief, an owner of Pho Today East Rutherford and of Pho Today Fort Lee, and an adult individual residing in New Jersey.

24. Defendant John Nguyen personally hired Mr. Rugama. Upon information and belief, and at all relevant times, Defendant John Nguyen (i) had and exercised the authority to hire and to terminate employees at the East Rutherford restaurant; (ii) determined the rate and method by which Plaintiffs and other employees were compensated, including the decision to pay them a flat sum per day rather than an hourly wage; and (iii) exercised operational control over the East Rutherford restaurant.

25. Defendant Khoa Nguyen is the manager of the Pho Today restaurants and, upon information and belief, an adult individual residing in New Jersey. He is the manager to whom each Plaintiff reported, and he is identified with both the East Rutherford and the Fort Lee restaurants.

26. At all relevant times Defendant Khoa Nguyen (i) set and controlled Plaintiffs' work schedules, including the days, shifts and restaurant locations to which they were assigned and the days on which they were given off; (ii) directed and supervised Plaintiffs' day-to-day work; (iii) created, edited, and administered the electronic scheduling records covering both the East Rutherford and the Fort Lee restaurants; (iv) upon information and belief, participated in or was aware of the decision to pay kitchen employees a flat day rate without overtime compensation; and (v) upon information and belief, had the authority to terminate employees at those restaurants.

27. Each individual Defendant therefore acted directly or indirectly in the interest of the corporate Defendants in relation to Plaintiffs. Each is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NJWHL, N.J.S.A. § 34:11-56a1(g). Each is also a person acting on behalf of an employer — an owner or manager of the employer — who may be held liable as the employer for violations of the State wage and hour laws under N.J.S.A. § 34:11-58.2(c). Each is jointly and severally liable with the corporate Defendants for the violations alleged in this Complaint.

**D. Joint Employment and Single Integrated Enterprise**

28. At all relevant times Defendants jointly employed Plaintiffs. Defendants shared and co-determined the essential terms and conditions of Plaintiffs' employment, including their

supervision, their work schedules, the restaurant locations to which they were assigned, and the rate and method of their pay.

29. Pho Today East Rutherford and Pho Today Fort Lee operate as a single integrated enterprise. Among other things: (i) they operate under the same "Pho Today" trade name and the same business model; (ii) they share common management, including Defendant Khoa Nguyen, who managed and scheduled employees at both restaurants; (iii) employee assignments at both restaurants were recorded and administered in a single, shared electronic scheduling file covering both locations; (iv) they applied the same flat day-rate compensation practice to kitchen employees at both restaurants; and (v) they moved kitchen employees between the two restaurants within a single workweek.

30. Ms. Meza Gonzalez is an illustration of that integration. In each workweek, Defendants assigned her to the East Rutherford restaurant for four days and to the Fort Lee restaurant for the fifth. Her shift was the same at both locations. Her pay was the same at both locations. Defendants paid her a single flat day rate that did not vary according to which restaurant she was sent to, and Defendants did not account separately for the work she performed at each.

31. Accordingly, the corporate Defendants and the individual Defendants are jointly and severally liable, as joint employers and as a single integrated enterprise, for all unpaid wages and other relief sought in this action.

## IV. FLSA COVERAGE

32. At all relevant times Defendants operated full-service restaurants open to the public seven days a week. The East Rutherford restaurant was open from approximately 11:00 a.m. until

approximately 10:00 p.m. and, beginning in or about June 2026, until approximately 9:30 p.m.

33. Defendants had two or more employees at all relevant times. Mr. Rugama worked alongside approximately eighteen to twenty other employees at the East Rutherford restaurant, including cooks, preparation workers, servers, bussers, and dishwashers, whose assignments Defendants recorded on the restaurants' weekly schedules. Those employees were not members of the owner's immediate family, and neither establishment was one whose only regular employees are the owner or members of the owner's immediate family within the meaning of 29 U.S.C. § 203(s)(2).

34. Defendants had employees, including Plaintiffs, who handled, sold, or otherwise worked on goods and materials that had been moved in or produced for interstate commerce. In the ordinary course of their work Plaintiffs handled rice, noodles, meat, seafood, produce, sauces, spices, packaging, disposable containers, cookware, knives, and cleaning supplies, all of which were manufactured, grown, or processed outside the State of New Jersey and moved in interstate commerce before reaching the restaurants. Defendants also used telephones, a point-of-sale and credit-card payment system, and a national payroll-processing service to conduct their business.

35. Upon information and belief, Defendants had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes, in each year relevant to this Complaint. That belief rests on the following facts known to Plaintiffs: each restaurant is a full-service, sit-down establishment seating dozens of patrons; the East Rutherford restaurant operated approximately eleven hours a day, seven days a week, throughout each

year; it employed approximately eighteen to twenty workers at a time, whose wages alone represented a substantial annual payroll; and it was staffed in the kitchen by multiple cooks and preparation workers simultaneously, with a separate roster of servers, bussers, and dishwashers, reflecting a continuous and substantial volume of customer business. Because the corporate Defendants operate as a single integrated enterprise, their combined annual gross volume of business is counted together for this purpose. 29 U.S.C. § 203(r)(1).

36. Defendants were therefore, at all relevant times, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), and Plaintiffs were employed by that enterprise within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37. In the alternative, and to the extent enterprise coverage is contested, each Plaintiff was individually covered by the FLSA because, in performing his or her job duties, each regularly and recurrently handled goods and materials that had moved in interstate commerce.

## V. FACTUAL ALLEGATIONS

### A. Defendants' Common Day-Rate Pay Practice

38. Defendants did not pay their kitchen employees an hourly wage. Defendants paid a flat sum for each day worked. That sum was the same whether the employee worked ten hours, eleven hours, or twelve hours in a day, and it did not change when the employee's weekly hours exceeded forty.

39. Defendants applied that practice to both Plaintiffs. Each Plaintiff began employment at a day rate of approximately $120 and received periodic increases to that day rate over the

course of the employment. Neither Plaintiff was ever quoted, paid, or shown an hourly rate of pay.

40. Defendants paid both Plaintiffs partly in cash and partly by check. Neither Plaintiff received regular tips. Defendants never notified either Plaintiff that they intended to claim a tip credit against wages, never informed either of the amount of any such credit, and did not pay either as a tipped employee.

41. Defendants required kitchen employees, including both Plaintiffs, to be present and working before the restaurant opened to the public, so that preparation work would be complete and the kitchen ready for service. The restaurants' posted opening time during the relevant period was 11:00 a.m. Both Plaintiffs were required to report at approximately 10:00 or 10:30 a.m.

42. Defendants never provided either Plaintiff with an established meal period. Each ate only when the workload permitted, at a table in the restaurant, and remained on duty and subject to interruption while doing so. Defendants never required either Plaintiff to record a meal break, never relieved either of duty for one, and never deducted meal time from either one's pay.

**B. Plaintiff Rugama's Employment**

43. Defendants hired Mr. Rugama to work at the East Rutherford restaurant beginning on or about October 10, 2022. Defendant John Nguyen hired him personally.

44. Mr. Rugama was hired as a food preparer. During his employment Defendants also assigned him to the cooking line, and he regularly performed both functions. Defendants'

own weekly schedules list him in the kitchen of the East Rutherford restaurant, including in the position designated "Cook."

45. His duties were manual and non-exempt. They consisted of preparing ingredients, cooking and plating food, stocking and setting up the kitchen before the restaurant opened, and cleaning during his shift. He did not hire, fire, or supervise other employees; he did not exercise discretion or independent judgment with respect to matters of significance; he was not paid on a salary basis; and he performed no exempt executive, administrative, or professional work. On Saturdays he was regularly assigned to cover a station in the kitchen that was ordinarily staffed by two workers.

46. Mr. Rugama worked six days in each workweek. The day on which he was given off rotated from week to week according to the schedule Defendants set. On occasion he received a second day off in a given week.

47. His workday generally ran from approximately 10:30 a.m. until approximately 10:00 p.m. Cleaning work was performed during the shift rather than after closing. He therefore worked approximately eleven and one-half hours per day, six days per week — approximately sixty-nine hours per workweek.

48. In or about June 2026 the East Rutherford restaurant's posted closing time moved from 10:00 p.m. to 9:30 p.m., shortening his workday by approximately one-half hour.

49. For purposes of this Complaint and the computations set out below, Mr. Rugama conservatively alleges that he worked not less than sixty-six (66) hours per workweek from October 10, 2022 through on or about June 12, 2026, and not less than sixty-three (63)

hours per workweek thereafter. He reserves the right to prove a greater number of hours at trial.

50. Mr. Rugama's day rate increased in stages over the course of his employment: from approximately $120 per day at the beginning of his employment, to approximately $135 per day, to approximately $140 per day, to approximately $155 per day, and finally to approximately $165 per day, the rate he was paid in 2026. He does not presently recall the precise date on which each increase took effect. The dates and amounts are within Defendants' knowledge and are reflected in Defendants' records.

51. Defendants paid Mr. Rugama every Saturday. In one week he was paid entirely in cash; in the following week he was paid partly in cash and partly by a payroll check in the gross amount of $400.00. His total weekly compensation equaled his day rate multiplied by the six days he worked.

52. Mr. Rugama worked throughout the year, including on holidays, and was not paid any additional or premium compensation for holiday work. His employment with Defendants ended on or about October 23, 2026.

**C. Plaintiff Meza Gonzalez's Employment**

53. Defendants employed Ms. Meza Gonzalez as a line cook from in or about March 2023 until on or about May 24, 2026.

54. Her duties were manual and non-exempt. She prepared ingredients and cooked and plated food on the line. She did not hire, fire, or supervise other employees; she did not exercise discretion or independent judgment with respect to matters of significance; she was not

paid on a salary basis; and she performed no exempt executive, administrative, or professional work.

55. Ms. Meza Gonzalez worked five days in each workweek, Saturday through Wednesday. Defendants assigned her to the East Rutherford restaurant for four of those days and to the Fort Lee restaurant for the fifth. Her shift was the same at both restaurants.

56. Although the restaurants' posted opening time was 11:00 a.m., Defendants required the kitchen staff, including Ms. Meza Gonzalez, to report at approximately 10:00 or 10:30 a.m. so that preparation work would be complete before opening. She worked until approximately 9:30 or 10:00 p.m. She therefore worked approximately eleven to twelve hours per day, five days per week — approximately sixty hours per workweek.

57. For purposes of this Complaint and the computations set out below, Ms. Meza Gonzalez conservatively alleges that she worked not less than fifty-five (55) hours per workweek throughout her employment. She reserves the right to prove a greater number of hours at trial.

58. Defendants paid Ms. Meza Gonzalez a flat day rate of approximately $120 per day in 2023, approximately $140 per day in 2024, and approximately $160 per day beginning in or about July 2025. Defendants paid her approximately half of her wages in cash and approximately half by check, and on some occasions paid her entirely in cash.

59. Ms. Meza Gonzalez did not receive tips. She worked throughout the year. She was never asked to punch in or out, and Defendants kept no record of the hours she worked.

60. Defendants never paid Ms. Meza Gonzalez one and one-half times a regular hourly wage, or any other premium, for any hour she worked beyond forty in a workweek.

**D. Defendants' Payroll Records Did Not Reflect the Work Performed**

61. Defendants reported only a fraction of Mr. Rugama's compensation and only a fraction of his hours. The earnings statements Defendants furnished to him record gross pay of $400.00 and 25.00 hours for each two-week pay period, together with net pay of $360.02. The statements list no rate of pay and describe his basis of pay as "Salaried" - a characterization that is inconsistent with the day-rate practice Defendants actually followed and that does not reflect the compensation structure Defendants applied to Mr. Rugama.

62. The earnings statement for the pay period ending March 19, 2026 reports year-to-date earnings of $2,400.00 and 140.00 year-to-date hours. The statement for the pay period ending September 3, 2026 reports year-to-date earnings of $7,200.00 and 435.00 year-to-date hours. In that same period of 2026, Mr. Rugama in fact worked more than 2,200 hours.

63. Mr. Rugama's 2025 Form W-2 from Pho Today East Rutherford LLC reports wages of $10,450.00 in Boxes 1, 3, 5, and 16. That figure is exactly twenty-six biweekly payments of $400.00. It omits the cash compensation Defendants paid him every week of that year, which constituted the substantial majority of his pay.

64. Defendants paid a substantial portion of Ms. Meza Gonzalez's wages in cash as well, and on some occasions paid her entirely in cash.

65. Defendants thus maintained payroll records that understated both the hours Plaintiffs worked and the wages Defendants paid them.

**E. Defendants Kept No Record of the Hours Plaintiffs Worked**

66. Defendants did not require either Plaintiff to punch in or out. Defendants maintained no time clock and no other system for recording the time either Plaintiff arrived at, or departed from, the restaurants. Neither Plaintiff was ever asked to record his or her own hours.

67. Defendants maintained an electronic scheduling system, accessible through an application installed on employees' telephones, that assigned employees to days and to kitchen and service positions at both the East Rutherford and the Fort Lee restaurants. That system recorded assignments; it did not record the hours employees actually worked.

68. Defendants thereby failed to make, keep, and preserve accurate records of the hours worked by, and the wages paid to, Plaintiffs, as required by the FLSA, 29 U.S.C. § 211(c), and its implementing regulations, 29 C.F.R. Part 516, and by the NJWHL, N.J.S.A. § 34:11-56a20, and its implementing regulations, N.J.A.C. 12:56-4.1 *et seq*.

69. Because Defendants failed to keep accurate records, Plaintiffs may carry their burden of proof by producing sufficient evidence to show the amount and extent of their work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946). Under New Jersey law, an employer's failure to produce the records it is required to keep gives rise to a rebuttable presumption in favor of the employee's allegations concerning the hours worked and the wages owed. N.J.S.A. § 34:11-58(d).

**F. Documents Defendants Directed Employees to Sign**

70. At one point during Mr. Rugama's employment, Defendants required employees at the East Rutherford restaurant, including him, to sign a sheet of paper, and directed them to sign it using a name or surname other than their own.

71. Defendants told employees that if they did not sign, they could be moved from one restaurant location to another or terminated.

72. Defendants prepared the sheet and retained it. Mr. Rugama was not given a copy of it and does not know what it said. Apart from that occasion, he worked under his own name, and Defendants issued his payroll records and tax documents in his own name.

73. This practice bears on the completeness and the reliability of the records Defendants maintained concerning their employees, and on whether Defendants' failure to pay Plaintiffs lawfully was undertaken in good faith.

**G. Mr. Rugama's Complaint About Overtime**

74. During his employment Mr. Rugama complained to Defendants' management that he was working well in excess of forty hours each week and was not receiving overtime pay.

75. Defendants' management responded that employees at the restaurant were paid by the day, that he was expected to work the schedule he was assigned, and that if he did not like the arrangement he could leave. Defendants did not change his pay, did not pay him any overtime, and did not begin recording his hours.

**H. Plaintiffs' Unpaid Wages**

76. The New Jersey minimum wage applicable to employers of six or more employees was $13.00 per hour in 2022, $14.13 per hour in 2023, $15.13 per hour in 2024, $15.49 per hour in 2025, and $15.92 per hour in 2026.

77. Under the NJWHL, an employee's "regular hourly wage" is determined by dividing the total hours of work during the week into the employee's total earnings for the week,

exclusive of overtime premium pay. N.J.S.A. § 34:11-56a1(e); N.J.A.C. 12:56-6.5(b). An employer must pay not less than the applicable minimum wage for each hour worked, and not less than one and one-half times the employee's regular hourly wage for each hour worked in excess of forty in a week. N.J.S.A. § 34:11-56a4; N.J.A.C. 12:56-6.1. Because the regular hourly wage may not lawfully fall below the applicable minimum wage, each Plaintiff's lawful weekly compensation was the applicable minimum wage for the first forty hours worked, plus one and one-half times that minimum wage for each additional hour.

78. Dividing the flat weekly sums Defendants paid by the hours actually worked produces an effective hourly rate far below the New Jersey minimum wage in every period. For Mr. Rugama that rate was approximately $10.91 at a day rate of $120, rising only to approximately $15.00 at a day rate of $165. For Ms. Meza Gonzalez it was approximately $10.91 at a day rate of $120, approximately $12.73 at $140, and approximately $14.55 at $160. Every one of those figures falls below the New Jersey minimum wage then in force.

79. The following table sets out, for Mr. Rugama, the applicable New Jersey minimum wage, the conservative number of hours he alleges he worked each week, the weekly compensation the NJWHL required, the day rate or rates Defendants paid, the weekly compensation he actually received, and the resulting weekly underpayment:

| **Period** | **N.J. min. wage** | **Hours per week** | **Lawful weekly pay** | **Day rate paid** | **Weekly pay received** | **Weekly underpayment** |
|---|---|---|---|---|---|---|
| Oct. 10 – Dec. 31, 2022 | $13.00 | 66 | $1,027.00 | $120 | $720 | $307.00 |
| Jan. 1 – Dec. 31, 2023 | $14.13 | 66 | $1,116.27 | $120 – $140 | $720 – $840 | $276.27 – $396.27 |

| Period | N.J. min. wage | Hours per week | Lawful weekly pay | Day rate paid | Weekly pay received | Weekly underpayment |
|---|---|---|---|---|---|---|
| Jan. 1 – Dec. 31, 2024 | $15.13 | 66 | $1,195.27 | $140 – $155 | $840 – $930 | $265.27 – $355.27 |
| Jan. 1 – Dec. 31, 2025 | $15.49 | 66 | $1,223.71 | $155 – $165 | $930 – $990 | $233.71 – $293.71 |
| Jan. 1 – June 12, 2026 | $15.92 | 66 | $1,257.68 | $165 | $990 | $267.68 |
| June 13 – Oct. 23, 2026 | $15.92 | 63 | $1,186.04 | $165 | $990 | $196.04 |

80. The following table sets out the same computation for Ms. Meza Gonzalez:

| Period | N.J. min. wage | Hours per week | Lawful weekly pay | Day rate paid | Weekly pay received | Weekly underpayment |
|---|---|---|---|---|---|---|
| Mar. 1 – Dec. 31, 2023 | $14.13 | 55 | $883.13 | $120 | $600 | $283.13 |
| Jan. 1 – Dec. 31, 2024 | $15.13 | 55 | $945.63 | $140 | $700 | $245.63 |
| Jan. 1 – June 30, 2025 | $15.49 | 55 | $968.13 | $140 | $700 | $268.13 |
| July 1 – Dec. 31, 2025 | $15.49 | 55 | $968.13 | $160 | $800 | $168.13 |
| Jan. 1 – May 24, 2026 | $15.92 | 55 | $995.00 | $160 | $800 | $195.00 |

81. The computations set out above are conservative in several respects: they credit Defendants with every dollar paid, including the cash paid off the books; they use hours figures lower than those each Plaintiff recalls working; and, for Mr. Rugama, they assume the earliest date on which his day rate may have increased. Plaintiffs do not by these computations waive any greater measure of overtime compensation to which they may be entitled under the FLSA, the NJWHL, or their implementing regulations.

82. Defendants underpaid each Plaintiff in this manner in substantially every workweek of their employment. The precise totals are a function of the dates on which each Plaintiff's day rate increased and the exact hours each worked in each week — facts recorded, if at all, only in Defendants' own records. Plaintiffs therefore plead their unpaid wages in an amount to be determined at trial, and allege that the amount is substantial.

83. Defendants owe each Plaintiff overtime compensation under the FLSA. Based on the day rates and hours presently alleged, the effective hourly rate Defendants paid exceeded the federal minimum wage of $7.25 per hour, and Plaintiffs accordingly do not at this time assert a separate federal minimum wage claim. Their federal claim is for the overtime premium Defendants never paid on the hours each worked beyond forty each week, computed on the regular rate as determined under 29 U.S.C. § 207(a) and 29 C.F.R. § 778.112.

**I. Defendants' Violations Were Willful and Not in Good Faith**

84. Defendants set Plaintiffs' schedules. Defendants therefore knew that each Plaintiff was working far more than forty hours a week, every week, for years.

85. Mr. Rugama told Defendants that he was not being paid overtime. Defendants did not investigate, did not seek to comply, and did not change the practice. They told him that employees were paid by the day and that he could leave.

86. Defendants recorded 25.00 hours per two-week pay period for an employee they knew was working approximately 132 hours in that same period, and paid the balance of his wages in cash so that it appeared nowhere in their books or in the wage information they reported. They paid a substantial portion of Ms. Meza Gonzalez's wages in cash as well.

87. Defendants kept no record of the hours either Plaintiff worked, notwithstanding their express statutory duty to do so.

88. Defendants applied the same unlawful day-rate practice to two different kitchen employees, hired at different times, working different schedules, at two different

restaurants. The practice was not an isolated oversight as to one worker; it was how Defendants compensated their kitchen staff.

89. Defendants were on notice of their obligations under the federal wage laws. On September 25, 2023 — during both Plaintiffs' employment — a former employee commenced a civil action in this Court against Pho Today East Rutherford LLC, Pho Today CGH LLC, and Tu Nguyen, who is upon information and belief related to or associated with the individual Defendants, asserting claims under the Fair Labor Standards Act. *Garcia v. Pho Today CGH LLC*, No. 2:23-cv-20629 (D.N.J.). The docket in that action reflects that the parties reached a resolution at a settlement conference on May 28, 2024 and that the action was dismissed with prejudice on July 30, 2024. Defendants nonetheless continued to pay both Plaintiffs a flat day rate, with no overtime premium and no record of their hours, for years after that lawsuit was filed and resolved.

90. Defendants' violations of the FLSA were therefore willful within the meaning of 29 U.S.C. § 255(a), and a three-year limitations period applies. Defendants' violations of the NJWHL were knowing and were not the result of an inadvertent error made in good faith.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act — Failure to Pay Overtime Compensation**
**29 U.S.C. §§ 207(a), 216(b) — Both Plaintiffs Against All Defendants**

91. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

92. At all relevant times Defendants were Plaintiffs' employers, and Plaintiffs were their employees, within the meaning of the FLSA, 29 U.S.C. § 203.

93. The FLSA provides that no employer shall employ a covered employee for a workweek longer than forty hours unless the employee receives, for the hours worked in excess of forty, compensation at a rate not less than one and one-half times the regular rate at which the employee is employed. 29 U.S.C. § 207(a)(1).

94. Where an employee is paid a flat sum for a day's work without regard to the number of hours worked, the employee's regular rate is determined by dividing the total compensation received in the workweek by the total number of hours worked, and the employee is entitled to additional overtime compensation for each hour worked in excess of forty. 29 C.F.R. § 778.112.

95. Each Plaintiff regularly worked in excess of forty hours in each workweek of employment. Defendants paid each the same flat day rate for every hour worked and never paid either any overtime compensation, in violation of 29 U.S.C. § 207(a)(1).

96. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a). Defendants knew that Plaintiffs worked more than forty hours per week because they set their schedules; Mr. Rugama told them he was not being paid overtime; Pho Today East Rutherford had itself been sued in this Court under the FLSA during both Plaintiffs' employment; and Defendants nonetheless continued the same pay practice without change.

97. Defendants cannot establish that the acts or omissions giving rise to this action were in good faith or that they had reasonable grounds to believe those acts or omissions did not violate the FLSA. 29 U.S.C. § 260.

98. As a result of Defendants' violations, each Plaintiff is entitled to recover unpaid overtime compensation in an amount to be determined at trial, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), together with post-judgment interest pursuant to 28 U.S.C. § 1961.

**SECOND CAUSE OF ACTION**
**New Jersey State Wage and Hour Law — Failure to Pay Overtime Compensation**
**N.J.S.A. §§ 34:11-56a4, 34:11-56a25 — Both Plaintiffs Against All Defendants**

99. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

100. At all relevant times Defendants were Plaintiffs' employers, and Plaintiffs were their employees, within the meaning of the NJWHL, N.J.S.A. § 34:11-56a1.

101. The NJWHL requires every employer to pay each employee not less than one and one-half times the employee's regular hourly wage for each hour of working time in excess of forty hours in any week. N.J.S.A. § 34:11-56a4; N.J.A.C. 12:56-6.1. An employee's regular hourly wage may not lawfully be less than the applicable New Jersey minimum wage.

102. Mr. Rugama worked approximately twenty-three to twenty-six hours in excess of forty, and Ms. Meza Gonzalez approximately fifteen to twenty hours in excess of forty, in substantially every workweek of their employment. Defendants paid them nothing beyond their flat day rates for those hours, and so paid them no overtime premium at all, in violation of the NJWHL.

103. Defendants' failure to pay Plaintiffs overtime compensation was knowing and was not an inadvertent error made in good faith, and Defendants had no reasonable grounds for believing that their pay practice complied with the NJWHL.

104. Plaintiffs are therefore entitled to recover their unpaid overtime compensation for the six years preceding the commencement of this action, N.J.S.A. § 34:11-56a25.1; liquidated damages of up to 200 percent of those unpaid wages, N.J.S.A. § 34:11-56a25, as amended by the New Jersey Wage Theft Act, L. 2019, c. 212; prejudgment and post-judgment interest; and their reasonable attorneys' fees and costs. The individual Defendants are liable for such wages and damages as persons acting on behalf of an employer under N.J.S.A. § 34:11-58.2(c).

## THIRD CAUSE OF ACTION
**New Jersey State Wage and Hour Law — Failure to Pay the Minimum Wage**
**N.J.S.A. §§ 34:11-56a4, 34:11-56a25 — Both Plaintiffs Against All Defendants**

105. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

106. The NJWHL requires every employer to pay each employee not less than the applicable New Jersey minimum wage for every hour worked. N.J.S.A. § 34:11-56a4.

107. Defendants employed six or more employees at all relevant times and were therefore subject to the minimum wage rates applicable to such employers: $13.00 per hour in 2022, $14.13 in 2023, $15.13 in 2024, $15.49 in 2025, and $15.92 in 2026.

108. The flat day rates Defendants paid Plaintiffs, divided by the hours each actually worked, produced an effective hourly rate below the applicable New Jersey minimum wage in every workweek of their employment. Defendants thereby failed to pay Plaintiffs the minimum wage required by the NJWHL.

109. Defendants' failure to pay Plaintiffs the minimum wage was knowing and was not an inadvertent error made in good faith, and Defendants had no reasonable grounds for believing that their pay practice complied with the NJWHL.

110. Plaintiffs are therefore entitled to recover their unpaid minimum wages for the six years preceding the commencement of this action, N.J.S.A. § 34:11-56a25.1; liquidated damages of up to 200 percent of those unpaid wages, N.J.S.A. § 34:11-56a25, as amended by the New Jersey Wage Theft Act, L. 2019, c. 212; prejudgment and post-judgment interest; and their reasonable attorneys' fees and costs. The individual Defendants are liable for such wages and damages as persons acting on behalf of an employer under N.J.S.A. § 34:11-58.2(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Josue Rugama and Karolay Meza Gonzalez respectfully request that this Court enter judgment against Defendants Pho Today East Rutherford LLC, Pho Today Fort Lee LLC, John Nguyen, and Khoa Nguyen, jointly and severally, awarding the following relief:

(a) Each Plaintiff's unpaid overtime compensation under the Fair Labor Standards Act, in an amount to be determined at trial;

(b) An additional equal amount as liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(c) Each Plaintiff's unpaid overtime compensation and unpaid minimum wages under the New Jersey State Wage and Hour Law, in an amount to be determined at trial;

(d) Liquidated damages of up to 200 percent of the wages found to be owed under the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a25, as amended by the New Jersey Wage Theft Act, L. 2019, c. 212, it being understood that Plaintiffs do not seek liquidated damages under both the federal and the state statutes with respect to the same unpaid wages, and will elect between them before the entry of judgment;

(e) With respect to the FLSA claims, in the alternative to liquidated damages, prejudgment interest on the unpaid wages; with respect to the NJWHL claims, prejudgment interest on the unpaid wages whether or not liquidated damages are awarded; and post-judgment interest pursuant to 28 U.S.C. § 1961;

(f) Plaintiffs' reasonable attorneys' fees and the costs of this action, pursuant to 29 U.S.C. § 216(b) and N.J.S.A. § 34:11-56a25; and

(g) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all claims and issues so triable.

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify, pursuant to Local Civil Rule 11.2 and 28 U.S.C. § 1746, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: New York, New York
November 17, 2026

Respectfully submitted,

**STILLMAN LEGAL, P.C.**

By: /s/ Lina Stillman
Lina Stillman, Esq.
42 Broadway, 12th Floor
New York, New York 10004
Tel.: (212) 832-1000
ls@stillmanlegalpc.com
Attorneys for Plaintiffs